In the Matter of MARTIN R. BRADLEY, JR., an Attorney, Respondent. BAR ASSOCIATION OF ERIE COUNTY, Petitioner.

Fourth Department, November 2, 1972.

8

*John B. Walsh* (*David E. Brennan* of counsel), for petitioner.

*John P. Lane* for respondent.

*Per Curiam.* Respondent was admitted to practice on November 29, 1948 by the Appellate Division, First Department. Petitioner, the Bar Association of Erie County, instituted this disciplinary proceeding alleging certain acts of professional misconduct involving respondent's attorney and client relationship with Mrs. Joan Peters, whom he represented as a judgment creditor and Mr. and Mrs. Ervin Brownschidle, Jr., whom he represented in connection with the settlement of a negligence action. Upon joinder of issue the matter was referred to a Referee to take proof, make findings and report to this court.

From the evidence adduced upon the hearing, which supports the findings and conclusions of the Referee, it appears that respondent on January 27, 1970 received a check for $10,000 for his client Mrs. Peters in agreed settlement of a judgment obtained by her against James N. Peters. Delivery of the check to the respondent was in escrow and the proceeds were not to be delivered to the client until she executed an agreement and release to be prepared by the attorney for the judgment debtor. Respondent thereupon deposited the check in his "clients' account" in a local bank. Despite efforts of respondent to obtain the documents required to be executed, the attorney for the judgment debtor neglected to forward the documents until June 16, 1970. However, following receipt of the release and agreement nothing was done by respondent to effectuate their execution until August 24, 1970.

Respondent has admitted using some of the funds originally deposited in the "clients' account" for personal expenses between January and July, 1970 and in fact used for his own

purposes over $4,000 of the amount entrusted to him in escrow for Mrs. Peters.

In explanation of his conduct respondent testified to a long history of marital and family discord and a period of acute alcoholism on his part prior to and coincidental with the period covered by his professional relationship with Mrs. Peters. It was respondent's testimony that his diminished productivity as an attorney led to his misuse of his client's funds. Voluntary treatment for his physical and mental condition involved a commitment to an alcoholic clinic of a State hospital for the period July 16, 1970 to August 21, 1970. Upon his return to practice on August 24, 1970 full payment of his obligation was made.

With regard to the allegations of misconduct in connection with respondent's professional relationship with the Brownschidles, the circumstances established on the hearing do not support any finding of wrongdoing.

Respondent's misuse of the funds of his client Mrs. Peters over a period of six months constituted not only a violation of the Code of Professional Responsibility, Disciplinary Rules DR 1-102, DR 6-101 and DR 9-102, but also sections 155.05, 155.30 and 155.35 of the Penal Law as well.

In view of the absence of any financial loss on the part of any client as a result of respondent's misconduct and the mitigating circumstances present, respondent should be suspended from the practice of law for a period of two years commencing December 1, 1972 and thereafter until further order of this court.

GOLDMAN, P. J., DEL VECCHIO, WITMER, CARDAMONE and HENRY, JJ., concur.

Order of suspension entered.